LITTLER MENDELSON
A Professional Corporation
Margaret Hart Edwards (Bar No. 65699)
Arthur M. Eidelhoch (Bar No. 168096)
650 California Street, 20th Floor
San Francisco, CA 94108-2693
Telephone:  (415) 433-1940
Facsimile:  (415) 399-8490
Email: mhedwards@littler.com
Email: aeidelhoch@littler.com

Attorneys for Defendant
AMERICAN GREETINGS CORPORATION
(Sued erroneously as American Greetings, Inc.)

PEREZ LAW OFFICES
Anthony M. Perez, Jr. (Bar No. 113041)
400 Capitol Mall, Suite 1100
Sacramento, California 95814
Telephone:  (916) 441-0500
Facsimile:   (916) 441-0555
Email: APerez@PerezLawOffices.com

LAW OFFICE OF JEFFREY D. FULTON
Jeffrey D. Fulton (Bar No. 206466)
400 Capitol Mall, Suite 1100
Sacramento, California 95814
Telephone:  (916) 558-
Facsimile:   (916) 441-5575
Email: JFulton@JFultonLaw.com

Attorneys for Plaintiffs
RUTHANNE RANKIN, on behalf of herself and
others similarly situated

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTHANNE RANKIN, on behalf of herself and others similarly situated<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICAN GREETINGS, INC., and DOES 1 through 100, INCLUSIVE,<br><br>　　　　　　Defendants. | CASE NO.  2:10 CV-01831-GGH<br><br>**ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Judge:　United States Magistrate Gregory G. Hollows** |

  Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement came before this Court on June 30, 2011. The Settlement in this case was preliminarily approved by this Court on February 10, 2011. Pursuant to the Court's Order Granting Plaintiff's Motion for Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Approval of Class Notice and Claim Form, and of Settlement Administrator ("Preliminary Approval Order") and the Notice provided to the Class, the Court conducted a Final Fairness Hearing as required by Federal Rule of Civil Procedure 23(e). The Court has reviewed the materials submitted by the parties and has heard arguments presented by counsel at the hearing.

  For the reasons stated hereafter, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

  **THE COURT HEREBY GRANTS FINAL APPROVAL OF THE SETTLEMENT** based upon the terms set forth in the Preliminary Approval Order and the Class Action Settlement Agreement and Stipulation ("Settlement Agreement") filed by the parties. (This Order of Final Approval incorporates the Settlement Agreement. Unless otherwise provided herein, all capitalized terms shall have the same meaning as defined in the Settlement Agreement.)

  1. The Settlement is fair, adequate, and reasonable to the Class.

  2. The Court finds that this Action and Settlement satisfy the requirements of Rule 23 and further finds that the Class has at all times been adequately represented by the Named Plaintiff and Class Counsel.

  3. The Notice approved by the Court was provided by First Class Mail to the last-known address of each of the individuals identified as a Class Member. In addition, adequate follow-up efforts were made to send the Notice to those individuals whose original Notice was returned as undeliverable. The Notice adequately describes all of the relevant and necessary

aspects of the Settlement, the request for an incentive payment to the Named Plaintiff, and Class Counsel's request for an award of attorneys' fees and costs.

4.      The Court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with subject matter and personal jurisdiction over the Class Members.  The Court finds that the Notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members.

5.      The Court has concluded that the Settlement, as set forth in the Settlement Agreement executed by the parties, is fair, reasonable, and adequate under state and federal laws, including the Fair Labor Standards Act 29, U.S.C. § 200 et. seq.  The Court finds that the Settlement has been reached as a result of intensive, serious, and non-collusive arms-length negotiations, including mediation.  In granting Final Approval of the Settlement, the Court considered the nature of the claims, the benefits paid in Settlement, the allocation of Settlement proceeds among the Class Members, and the fact that a Settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial.

Specifically, the court finds that plaintiffs' case is strong, but not without risks. Settlement clearly outweighs the risk of further litigation which would most certainly include an appeal based on the stakes involved.  There is a risk of maintaining class action status throughout the trial and on appeal.  The amount offered in settlement is reasonable and provides for 100% distribution of the net amount to claimants, with no reversion to defendant. Extensive discovery has been completed at this stage of the proceedings such that the parties have a good picture of the strengths and weaknesses of their cases.  Counsels' recommendations of settlement carry much weight in light of their experience.  No class member has objected to

settlement.

Additionally, the Court finds that the terms of the Settlement Agreement had no obvious deficiencies and did not improperly grant preferential treatment to any individual Class Member. Accordingly, the Court finds that the Settlement Agreement was entered into in good faith. The Court also finds that the Class is properly certified for settlement purposes only. The Court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of the $1,880,000 Settlement Fund established pursuant to the Settlement Agreement.

6. Out of the identified Class Members who were notified, none objected to any aspect of the Settlement. The reaction of the Class to the Settlement strongly supports the conclusion that the Settlement is fair, reasonable, and adequate.[1]

7. Pursuant to the terms of the Settlement Agreement, the Named Plaintiff and all Plaintiff Class Members shall be bound by the releases set forth in the Settlement Agreement, regardless of whether such persons received any compensation under the Settlement Agreement. Except as to such rights or claims that may be created by the Settlement, all Class Members as of the Effective Date of the Settlement who did not timely and properly opt out are hereby forever barred and enjoined from prosecuting or seeking to reopen the Settled Claims, and any other claims released by the Settlement Agreement, against the Released Parties.

8. The Settlement is HEREBY APPROVED in its entirety. The parties are ordered to comply with and carry out the terms of the Settlement.

9. The Settlement Fund shall be dispersed in accordance with terms of the

---

[1] At hearing, plaintiffs' counsel represented that the six late claims and fourteen deficient claims would be paid out provided that the correct and complete information could be obtained from these class members.

Settlement Agreement.

10. The Court determines by separate order the request by Class Counsel and the Named Plaintiff for the payment of Class Counsel's attorneys' fees and costs and the Class Representative's incentive payment, respectively. Any Court order regarding the application for such payments shall in no way disturb or affect this Order and shall be considered separately from this Order.

11. The Claim Administrator shall be paid from the Settlement Fund.

12. The terms of the Settlement Agreement, this Final Approval Order, and the accompanying Final Judgment are binding on the Named Plaintiff and all other Plaintiff Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings constitute Released Claims as set forth in the Settlement Agreement.

13. The parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, as are in writing and signed by the parties' counsel and are consistent with this Final Approval Order.

14. Neither this Final Approval Order and the accompanying Final Judgment nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to carry out this Final Approval Order and the Final Judgment) is, may be construed as, or may be used as, an admission or concession by or against Defendant or the Released Parties of the validity of any claim or any actual or potential fault, wrongdoing or liability. Entering into and carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not be

construed as, or deemed evidence of, an admission, or a concession as to Defendant's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any party hereto or Class Member in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Approval Order and Final Judgment and the Settlement Agreement; provided, however, that this Final Approval Order, the accompanying Final Judgment, and the Settlement Agreement may be filed in any action against or by Defendant or the Released Parties to support a defense of *res judicata,* collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

IT IS SO ORDERED.

Dated: July 5, 2011

                                        /s/ Gregory G. Hollows
THE HONORABLE GREGORY G. HOLLOWS
MAGISTRATE JUDGE OF THE UNITED STATES
DISTRICT COURT