PEREZ LAW OFFICES
Anthony M. Perez, Jr. (Bar No. 113041)
400 Capitol Mall, Suite 1100
Sacramento, California 95814
Telephone: (916) 441-0500
Facsimile: (916) 441-0555
Email: APerez@PerezLawOffices.com

LAW OFFICE OF JEFFREY D. FULTON
Jeffrey D. Fulton (Bar No. 206466)
400 Capitol Mall, Suite 1100
Sacramento, California 95814
Telephone: (916) 558-
Facsimile: (916) 441-5575
Email: JFulton@JFultonLaw.com

Attorneys for Plaintiffs
RUTHANNE RANKIN, on behalf of herself and
others similarly situated

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTHANNE RANKIN, on behalf of herself and others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN GREETINGS, INC., and DOES 1 through 100, INCLUSIVE,<br><br>Defendants. | CASE NO. 2:10-CV-01831-GGH<br><br>**ORDER OF INCENTIVE AWARD; ATTORNEYS' FEES; AND COSTS**<br><br>Date: June 30, 2011<br>Time: 9:00 A.M.<br>Location: Courtroom 9<br>Judge: Gregory G. Hollows<br><br>**Complaint Filed: June 14, 2010**<br>**Trial Date: N/A** |

Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement came before this Court and was approved on June 30, 2011. Pursuant to the Court's Order Granting Plaintiff's Motion for Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Approval of Class Notice and Claim Form, and of Settlement Administrator ("Preliminary Approval Order") and the Notice provided to the Class, the Court conducted a Final Fairness Hearing as required by Federal Rule of Civil Procedure 23(e). The Court has reviewed the materials submitted by the parties and has heard arguments presented by counsel

at the hearing.

For the reasons stated hereafter, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

**THE COURT HEREBY GRANTS PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES, COSTS AND INCENTIVE AWARD AS FOLLOWS:**

In "common fund" cases such as this one,. "where the settlement or award creates a large fund for distribution to the class, the district court has discretion to use either a percentage or lodestar method." (*Hanlon v. Chrysler Corp.,* (1998) 150 F.3D 1011, 1029, *citing, In re Washington Public Power Supply System Securities Litigation ("WPPSS"),* (9th Cir. 1994) 19 F.3d 1291, 1295.) Whether a Court applies the lodestar or percentage method, the Ninth Circuit "require[s] only that fee awards in common fund cases be *reasonable* under the circumstances." (*WPPSS,* 19 F.3d at 1295, n. 2, *quoting Florida v. Dunne,* (9th Cir. 1990) 915 F.2d 545. [*emphasis in original*].)

The compensation sought for Plaintiffs' counsel is fair and reasonable. The Ninth Circuit has directed that, to determine what constitutes a fair and reasonable percentage of the settlement for purposes of calculating common fund attorneys' fees, the courts should use a "benchmark" percentage of 25% of the total fund. (*Paul, Johnson, Alston & Hunt v. Graulty,* (9th Cir. 1989) 886 F.2d 268, 272*; Vizcaino v. Microsoft Corp.,* (9th Cir. 2002) 290 F.3d 1043, 1047*; Six Mexican Workers v. Arizona Citrus Growers,* (9th Cir. 1990) 904 F.2d 1301, 1311.) Here, the Gross Settlement Amount obtained through the efforts of Plaintiff's counsel is $1,880,000. Adhering to the benchmark established by the Ninth Circuit, Plaintiff's counsel is applying for an award of attorneys' fees of $470,000, which equals 25% of the Gross Settlement Amount.

The Ninth Circuit has similarly recognized that the lodestar method "creates incentives for counsel to spend more hours than may be necessary on litigating a case so as to recover a

reasonable fee, since the lodestar method does not reward early settlement." (*Vizcaino v. Microsoft Corp.,* (9th Cir. 2002) 290 F.3d 1043, 1050, fn.5.)  The Ninth Circuit has thus cautioned that, while a lodestar method can be used as a cross check on the reasonableness of fees based on a percentage of recovery method if a district court in its discretion chooses to do so, a lodestar calculation is not required and it did "not mean to imply that class counsel should necessarily receive a lesser fee for settling a case quickly." (*Id.*)  In this case, an excellent result was achieved, using all relevant information that is and would be available, at a relatively early stage, benefiting Class Members greatly.

Furthermore, in accordance with Ninth Circuit precedents, district courts within the Ninth Circuit have recognized that a lodestar cross check need not be performed where plaintiff's counsel achieves a significant result through an early settlement. For example, in *Glass v. UBS Financial Services, Inc., (N.D. Cal. 2007)* 2007 U.S. Dist. LEXIS 8476, the court declined to conduct a lodestar cross check, and approved a request for fees based only on the percentage of recovery method, because it recognized that premising attorney's fees on a lodestar calculation would have unfairly penalized plaintiff's counsel for settling the case without protracted litigation. (*See also, In re Manufacturers. Life Insurance,* (S.D. Cal. 1998) 2008 U.S. Dist. 93877, (court concluded that lodestar analysis was unnecessary and attorney's fee was reasonable solely on percentage-recovery method).)

The Court also finds that Class Counsels' request for reimbursement of costs in the amount of $37,771.78 (including Settlement Administration expenses in the amount of $27,572.84) to be reasonable.

The Court also finds that the requested Incentive Payment to the Class Representative is reasonable.  Incentive payments serve to reward named plaintiffs for the time and effort

expended on behalf of the class, and for exposing themselves to the significant risks of litigation. "Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." (*Ingram v. The Coca-Cola Co.* (N.D. Ga. 2001) 200 F.R.D. 685, 694; *In re Southern Ohio Correctional Facility* (S.D. Ohio 1997) 175 F.R.D. 270, 272.)  In *Coca-Cola*, for example, the court approved incentive awards of $300,000 to each named plaintiff in recognition of the services they provided to the class by responding to discovery, participating in the mediation process and taking the risk of stepping forward on behalf of the class. (*Coca-Cola, supra,* 200 F.R.D. at 694; see also *Van Vranken v. Atl. Richfield Co.* (N.D. Cal. 1995) 901 F. Supp. 294, 300, (approving $ 50,000 participation award).)  Here, Plaintiff seeks a modest incentive award of $5,000, and this sum is reasonably close to the average per class member amount to be received.  Plaintiff retained counsel, assisted in the investigation, and was an active participant in the full-day mediation.

As a result, the Settlement Administrator is hereby authorized, upon the Effective Date of the Settlement to make payment to the Class Representative in the amount of $5,000; reasonable attorneys' fees to Class Counsel in the amount of $470,000, and reasonable costs in the amount of $37,771.78 (including Settlement Administration expenses in the amount of $27,572.84).

IT IS SO ORDERED.

Dated: July 5, 2011

    /s/ Gregory G./ Hollows
THE HONORABLE GREGORY G. HOLLOWS
MAGISTRATE JUDGE OF THE UNITED STATES
DISTRICT COURT